# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:17-CV-00231-TBR

STRATEGIC MARKETING SERVICES, LLC,            Plaintiff,

v.

DANIEL SKELTON,            Defendant.

## MEMORANDUM OPINION AND ORDER

Strategic Marketing Services, LLC filed this action against Daniel Skelton, a former employee, bringing a host of claims arising from an employment agreement between them. Earlier in this litigation, Strategic Marketing Services requested a preliminary injunction to enforce noncompetition, nonsolicitation, nondisclosure, and nonrecruitment clauses in that agreement. After holding a hearing and balancing the equities, the Court issued the sought-after injunction. Now, Skelton asks the Court to modify the injunction to allow him to compete with Strategic Marketing Services in the Florida. Strategic Marketing Services opposes that motion.

The Court has inherent authority to modify or dissolve its preliminary injunctions. *Toledo Area AFL-CIO Council v. Pizza*, 907 F. Supp. 263, 265 (N.D. Ohio 1995). Of course, that does not "mean that the parties may duel and re-duel over the merits of the original injunction." *LFP IP, LLC v. Hustler Cincinnati, Inc.*, 810 F.3d 424, 426 (6th Cir. 2016) (citing *Sys. Fed'n No. 91, Ry. Emp. Dep't, AFL-CIO v. Wright*, 364 U.S. 642, 647 (1961)). Instead, to obtain modification or dissolution of a preliminary injunction, the movant "must demonstrate significant 'changes in fact, law, or circumstance since the previous ruling.'" *Gooch v. Life Inv'rs Ins. Co. of Am.*, 672 F.3d 402, 414 (6th Cir. 2012) (quoting *Gill v. Monroe Cty. Dep't of Soc. Servs.*, 873 F.2d 647, 648 (2d Cir. 1989)); *see*

1

*also* 11A Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 2961 (3d ed.), Westlaw (database updated Apr. 2017).

Here, Skelton presses two points which, according to him, warrant modification of the preliminary injunction. He first argues that the Court ought to construe the employment agreement according to North Carolina or California law. [*See* R. 26 at 2–5 (Motion to Modify Preliminary Injunction).] But the plain language of the agreement calls for the application of Kentucky law, [R. 1-1 at 9, ¶ 24 (Employment Agreement)], and the Court is not free to disregard that provision, *see Wells Fargo Fin. Leasing, Inc. v. Griffin*, 970 F. Supp. 2d 700, 707–11 (W.D. Ky. 2013) (discussing how Kentucky analyzes and enforces contractual choice-of-law provisions). Skelton then attacks the noncompetition clause as too broad because it prohibits him from offering products (*i.e.*, lead-generation using internet-based services) not included in Strategic Marketing Services' product portfolio. [*See* R. 27 at 1–2 (Supplemental Brief).] Nonetheless, the record belies the factual underpinning of that assertion. [*See* R. 29-6 at 1 (Example Marketing Campaign).]

The Court empathizes with the hardship that Skelton has experienced as a result of the preliminary injunction. His original filings in this case presented questions which the Court has worked diligently to resolve. The Court has reviewed its earlier opinion in light of any new or better arguments that Skelton has made, including those discussed above. It is satisfied with its original judgment and does not consider further explanation or discussion of the case to be necessary. The Court stands by its original decision for the reasons stated then.

**IT IS HEREBY ORDERED** that Skelton's Motion to Modify, [R. 26], is **DENIED**.

**IT IS SO ORDERED.**

Date:

cc:    Counsel of Record

Daniel Skelton
279 Leese Dr.
St. Johns, Florida 32259
(904) 386-2663

Daniel Skelton
12700 Bartram Park Blvd 2111
Jacksonville, Florida 32258
(904) 386-2663

daniel.skelton2005@gmail.com